FALIHEE v. JOHN SIMMONS CO.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

1. FRAUDS, STATUTE OF—CONTRACTS—EXECUTION—AUTHORITY OF AGENT.
Defendant submitted an unsigned written estimate to supply plaintiff with certain plumbers' supplies for $7,736. Plaintiff told defendant's salesman he would accept the bid at $7,500. The salesman notified defendant's manager, who agreed by telephone to furnish the supplies for that sum. The salesman, at plaintiff's request, changed the figures and wrote at the bottom of the estimate: "The amount agreed $7,500 by H. W. Walton. Delivery to be made June 15, 1905." The salesman had no general authority to bind defendant on a contract. *Held*, that the writing was not a contract that would bind defendant, under the rule that a contract for the sale of goods for the price of more than $50 must be in writing and signed by the seller or his lawful agent.

2. PRINCIPAL AND AGENT—AUTHORITY.
Plaintiff requested defendant's salesman to reduce an estimated price for supplies. The salesman notified defendant's manager, who told

him it would be all right, and then completed the arrangement directly with plaintiff. *Held*, that this did not confer authority on the salesman to bind defendant on a written contract with plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 283.]

Patterson, P. J., dissenting.

Appeal from Trial Term.

Action by John J. Falihee against the John Simmons Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

J. Culbert Palmer, for appellant.
Claude V. Pallister, for respondent.

SCOTT, J. The defendant appeals from a judgment entered on a verdict. The action is for damages for defendant's refusal to fulfill a contract for the sale and delivery of merchandise. The defense is that no valid contract was entered into, because the alleged contract was for the sale of goods for the price of more than $50, and no note or memorandum thereof was ever, as it is said, made in writing and subscribed by the said defendant or his lawful agent.

The plaintiff contemplated bidding on a contract to do the plumbing work on certain houses in the course of construction, and sent out letters to a number of firms dealing in plumbers' supplies, asking for estimates. The defendant submitted an estimate, giving a detailed list of the materials to be supplied and fixing the price at $7,736. This estimate was not signed. After receiving this estimate, plaintiff sent for one Surre, a salesman in defendant's employ, and stated that he would accept the proposal if the estimated price could be reduced to $7,500. Surre replied that he had no authority to make or change prices, as was the fact; but he called up on the telephone one Walton, the defendant's manager, who, as is conceded, had authority to bind defendant. Surre informed Walton that plaintiff wished the price reduced to $7,500, to which Walton replied, "All right." Plaintiff and Walton then had a conversation over the telephone, and Walton said:

"We will accept your contract for $7,500. How soon will they have to be delivered?"

Thereupon Surre, at plaintiff's request, struck out of the proposal the original price of $7,736, and wrote in place thereof the words and figures, $7,500, and wrote at the bottom of the estimate the words:

"The amount agreed $7,500 by H. W. Walton. Delivery to be made June 15, 1905."

It is upon this act of Surre's that the claim is made that a note or memorandum of the contract was made in writing and signed by defendant's agent. It is conceded, as it must be, that until Surre wrote the above words at the foot of the estimate the paper was merely a tentative proposal, not binding upon defendants. It is also clear, and is not disputed, that Surre had no general authority to make a contract in behalf of defendants, although Walton had. The question,

therefore, is whether or not Surre undertook to make a binding contract, and, if so, whether he was specially authorized by Walton to do so.

We consider that as a matter of law the question should have been answered in defendant's favor. All that Walton did was to consent to a change in the price stated in the estimate. Nothing was said over the telephone respecting the signing of the estimate, or respecting anything else, except changing the proposed price. The agreement by Walton to accept a contract at $7,500 was made in a conversation with plaintiff, and not with Surre, and therefore cannot be construed as conferring any authority on Surre. Furthermore the memorandum made by Surre does not purport to be an execution of the contract or the signing of a proposal therefor on behalf of defendant. It appears on its face to be merely a memorandum that Walton had agreed to a reduction of the price to $7,500. Since there was no other basis than this for plaintiff's claim that a valid contract had been made, the complaint should have been dismissed.

The judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur, except PATTERSON, P. J., who dissents.

---

### BOLAND et al. v. SOKOLSKI.

(Supreme Court, Special Term, New York County. November 26, 1907.)

1. NOTICE—SERVICE—SUFFICIENCY.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Notice, § 23.]

2. MECHANICS' LIENS—UNDERTAKING TO DISCHARGE—JUSTIFICATION OF SURETIES—NOTICE—SUFFICIENCY OF SERVICE.

    